# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM DEAN, individually, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MONTICELLO, MINNESOTA,<br><br>Defendant. | Civil No. 14-376 (DFW/JSM)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION AND AWARD OF ATTORNEYS' FEES AND EXPENSES** |

The Court, having reviewed and considered Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds, Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, the Settlement Agreement dated September 23, 2013 (the "Settlement Agreement"), the Court's May 1, 2014 Order Granting Preliminary Approval of the Settlement, Provisionally Certifying a Class, Directing Notice to the Class and Scheduling a Final Fairness Hearing ("Preliminary Approval Order"), having held a fairness hearing on September 12, 2014 ("Fairness Hearing"), and having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  The Settlement Agreement, the Preliminary Approval Order and all attachments thereto, are expressly incorporated by reference into this order (the "Final

Approval Order") and made a part hereof for all purposes.  Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Approval Order.

2. The Court has personal jurisdiction over the Parties and all Class Members (as defined herein), and has subject-matter jurisdiction over this class action suit ("Action"), including, without limitation, jurisdiction to approve the proposed Settlement, to rule on all objections timely filed, to grant final certification of the Class, to settle and release all claims arising out of the offering and sale of the Bonds[1] at issue in the Complaint filed in this Action respecting all members of the class who have not opted out of the Settlement ("the Approving Class Members"), and to dismiss this Action on the merits and with prejudice.

3. <u>Class Certification</u>:  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a nationwide class action on behalf of:

> all Bond Holders who bought Bonds in the original offering of the Bonds on or around June 19, 2008, or who purchased Bonds from such holders or their transferees, whether or not they own Bonds at the time of the Settlement.

The Court finds, for settlement purposes only and conditioned upon the entry of this Final Approval Order, that the requirements for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number

---

[1] The "Bonds" at issue in this matter are the $26,445,000 in par amount of Telecommunications Revenue Bonds (Fibernet Monticello Project) Series 2008, offered and sold by the Defendant, the City of Monticello (the "City").

of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seeks to represent for purposes of settlement; (d) the Lead Plaintiff has fairly and adequately represented the interests of the Class and will continue to do so, and the Lead Plaintiff has retained experienced counsel to represent him; (e) for purposes of settlement, the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613-14 (1997).  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case.  *Id.* at 620.

    4.    <u>Notice</u>: The Court finds that the dissemination of the Court-approved "Notice of Class Action and Proposed Settlement" (the "Notice") and the publication of the summary notice in *Investor's Business Daily* (the "Summary Notice"):  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise the Class of its potential claims against the City, of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, of their right to object to the Settlement, the Plan of

Allocation[2] and/or Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)) (the "PSLRA"), and all other applicable law and rules.

    5.    <u>Final Settlement Approval</u>:  The Court finds that the Settlement Agreement was not the result of collusion between Class Counsel and the City, or their respective counsel, but instead resulted from extensive *bona fide* arm's-length good faith negotiations between Class Counsel and the City.

    Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Class Members, the Plan of Allocation, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors, and are in full compliance with all

---

[2]    The Plan of Allocation of Settlement proceeds is set forth in detail on pages 27-33 of the Joint Declaration of Rick L. Frimmer and Geoffrey H. Coll in Support of (a) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and (b) Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ("Joint Decl.").

applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

6. <u>Plan of Allocation</u>:  The Court approves the Plan of Allocation as proposed by Class Counsel and incorporated into Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds.  The Plan of Allocation proposes to distribute the Distributable Settlement Amount[3] *pro rata* based on each Class Member's losses from the purchases and sales of the Bonds and, in the case of Class Members that still hold their Bonds, at a minimum rate of 4% of the par value of the Bonds they still hold, and does so fairly and efficiently.

7. <u>Payment of the Net Settlement Amount</u>:  The Court orders the City to pay to American Legal Claims Services, LLC ("ALCS"), as Class Administrator, for deposit in an escrow account to be established at U.S. Bank National Association ("U.S. Bank" or the "Distribution Agent"), within one-hundred twenty (120) days after the date that no appeal of this Final Approval Order may be taken as a matter of law or as to which the time for an appeal has expired, a single payment of Five Million, Seven Hundred and

---

[3] The "Distributable Settlement Amount" consists of the $5,750,000 Settlement Payment, less the Class Counsel fees and Litigation Expenses approved by this Court (collectively "Approved Fees and Expenses"), and less the Opt-Out Rebate.

Fifty Thousand Dollars ($5,750,000) less the Opt-Out Rebate[4] (the "Net Settlement Amount").

The Court orders judgment against the City in the amount of the Net Settlement Amount.

8.   Distribution of Net Settlement Amount:

The Court further orders the Class Administrator to pay the Approved Fees and Expenses to the persons or entities entitled thereto within seven (7) business days after receiving the Net Settlement Amount from the City.

The Court further orders ALCS, as Claims Administrator, to assist Class Counsel in the calculations required pursuant to the Plan of Allocation and orders ALCS to set up and maintain the escrow account with U.S. Bank into which the Net Settlement Amount will be deposited and payments to Approving Class Members and of Approved Fees and Expenses will be made.

9.   Dismissal of Claims and Releases:  This Action and all claims contained therein are **DISMISSED WITH PREJUDICE** as to the Lead Plaintiff and the Approving Class Members.  The parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

At the time of the payment of the Net Settlement Amount by the City to the Distribution Agent (the "Payment Date") and in consideration for the distributions to be

---

[4]   Under the Settlement Agreement, the City is entitled to an "Opt-Out Rebate" which is the *pro rata* amount of the Settlement Payment each Class Member who opts out of the Settlement would have been entitled to receive if the Class Member had not opted out.

made to them under the Final Approval Order, Lead Plaintiff and each of the Approving Class Members shall be deemed to have, and by operation of Judgment, shall have, absolutely released, acquitted, and forever discharged the City, and its agents, representatives, attorneys, insurers, indemnitors, executors, administrators, successors, and assigns, from any and all claims for relief they have asserted, might have asserted or would be able to assert that relate in any way to the Bonds, the Indenture, the FTTP Project, or the Official Statement, including claims of every kind and nature whatsoever, whether in law or equity, contract or tort, liquidated or unliquidated, absolute or contingent, known or unknown, suspected or unsuspected (the "Bond Holder Claims"), and, consistent with the Court's approval of the Settlement Agreement, any claims by any of the Approving Class Members against the City for contribution, indemnity or restitution, brought either directly or indirectly, and however denominated, will be hereby barred.

This release of the Bond Holder Claims by the Approving Class Members will apply and extend to each of the Approving Class Member's employees, agents, members, representatives, attorneys, insurers, indemnitors, executors, administrators, successors, and assigns.  Furthermore, the Approving Class Members who are Bond Holders on the Payment Date, in accepting their share of the Net Settlement Amount and the Net Trust Funds, will additionally be deemed (i) to have authorized and directed the Trustee to release the City from its pledge of Net Revenues and all other covenants and obligations under the Indenture, (ii) to have permitted the City to operate, encumber or dispose of the

FTTP Project and otherwise conduct its affairs free and clear of all Bond Holder claims and without any duty to perform any obligations of the City under the Indenture thereafter, and (iii) to have otherwise ratified all provisions of the TIP Order, including agreeing to transfer their beneficial ownership of their Bonds to the City or cancel such ownership, at the City's option.

On the Payment Date, all Approving Class Members are additionally hereby deemed to have (i) released and indemnified the City, and to hold the City harmless against any disputes which may arise regarding the allocation and distribution of the Distributable Settlement Amount among the Approving Class Members, and (ii) released, indemnified, and agreed to hold the City harmless from any and all claims of contribution and/or indemnity and/or any claim or right of reimbursement which may be asserted against the City in any other action which may be brought related to the Bonds, the FTTP Project, the Indenture or the Official Statement by Approving Class Members, including the cost of any attorneys' fees, costs, expenses, and disbursements which might be incurred by the City relative to defending such claims.

On the Payment Date, all Approving Class Members are additionally hereby deemed to have released and indemnified the City, and to hold the City harmless, against any disputes which may arise regarding the allocation and distribution of the Net Trust Funds.

10. <u>Award of Attorneys' Fees and Expenses</u>:  The Court has examined Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and

has considered the relevant terms of the Settlement Agreement.  After consideration of numerous factors, including the results achieved, the complexity of the issues, the experience of counsel, the contingency nature of the case, the length of time from initiation to settlement, the lodestar and multiplier amounts, the amount of attorneys' fees compared to the value of the Settlement and other factors, the Court finds that the requested fees are fair, just, and reasonable to the Class.  The Court therefore awards attorneys' fees to Class Counsel in the amount of $1.34 million dollars.

As set forth in the Fee and Expense Schedules, Class Counsel has incurred $57,932.10 in expenses as of August 29, 2014.  Class Counsel also anticipates that it will incur an estimated $70,482.87 of additional expenses through the date on which all claims have been paid pursuant to the Plan of Allocation (together, the "Litigation Expenses").  The estimated Litigation Expenses include the fees and expenses that have been incurred–or will be incurred–by ALCS and U.S. Bank.  After consideration of numerous factors, the Court finds that the total estimated Litigation Expenses of $128,414.97 are fair and reasonable.  An application for the actual amount of Litigation Expenses incurred will be requested by Class Counsel and included in the Motion for Distribution of the Settlement Proceeds, to be filed with the Court within 30 days of this Final Approval Order, granting final approval of the Settlement.

11.     Final Judgment:  This case is hereby **DISMISSED WITH PREJUDICE** as to the Defendant.  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 12, 2014          s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge