UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Dean, individually, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>City of Monticello, Minnesota,<br><br>          Defendant. | Civil No. 14-376 (DWF/JSM)<br><br>**ORDER AUTHORIZING DISTRIBUTION OF THE DISTRIBUTABLE SETTLEMENT AMOUNT** |

WHEREAS, in its September 12, 2014 Order Granting Final Approval of Class Action Settlement, Plan of Allocation and Award of Attorneys' Fees and Expenses (the "Final Approval Order") (Doc. No. 54), this Court approved the proposed Settlement of $5,746,719.12 in cash from the City (the "Settlement Payment")[1] and Plan of Allocation[2] as fair, reasonable and adequate and in the best interests of the Class; and

WHEREAS, in its Final Approval Order, this Court approved the payment of $1.34 million in attorneys' fees to Schiff Hardin LLP and Oppenheimer Wolff &

---

[1] The Settlement Agreement provides that the $5,750,000 settlement will be reduced by the amount each rejecting Class Member who timely excludes himself or herself would have been entitled to receive (the "Opt-Out Rebate"). Here, with only a single exclusion by a holder of $20,000 in Bonds, the Opt-Out Rebate is $3,280.88. The final Settlement Payment will be in the amount of $5,746,719.12.

[2] All capitalized terms used in this Order and not defined have the meanings given to those terms in the Final Approval Order.

Donnelly LLP (together, "Class Counsel"), and the payment of an estimated $128,414.97 in Litigation Expenses[3] as fair and reasonable;

WHEREAS, this Court had directed the parties to consummate the terms of the Settlement Agreement and Plan of Allocation; and

WHEREAS, as set forth in the Notice of Class Action and Proposed Settlement, (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") in order to participate in the distribution of the Settlement Payment was August 18, 2014; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims being finally rejected; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Class Counsel now seek authorization to distribute the proceeds of the Settlement Payment to holders of Approved Claims,[4] after deduction of any approved fees and actual expenses approved by this Order; and

---

[3] The Litigation Expenses in this Action include expenses incurred by Class Counsel in prosecuting and settling this Action, and the fees and expenses incurred by ALCS in administering the Settlement, including the fees and expenses incurred by U.S. Bank N.A. ("U.S. Bank") in connection with the disbursement of settlement funds. The total amount of actual Litigation Expenses incurred in this Action is $94,519.11.

[4] "Approved Claims" refers to the 754 claims which have been determined to be eligible to receive a distribution from the Distributable Settlement Amount, as set forth in

(Footnote Continued on Next Page)

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Settlement Payment to holders of Approved Claims;

NOW, THEREFORE, based upon: (1) the Supplemental Declaration of Steven Platt in Support of Motion to Distribute Net Settlement Proceeds (the "Platt Supp. Decl."), submitted on behalf of American Legal Claims Services, Inc. ("ALCS"), the Claims Administrator for this Action; (2) the Supplemental Declaration of Rick L. Frimmer, submitted on behalf of Class Counsel (the "Frimmer Supp. Decl."); and (3) all prior proceedings heretofore had herein, and after due deliberation, IT IS HEREBY

ORDERED, that the City make the Settlement Payment of $5,746,719.12 in cash or by certified check or wire transfer to U.S. Bank National Association ("U.S. Bank"), as escrowee,[5] on or before February 11, 2015.

ORDERED, that the administrative determinations of ALCS, rejecting the claims submitted as set forth in Exhibit E of the Platt Supp. Decl. ("Rejected Claims"), and accepting the Approved Claims submitted as set forth in Exhibit F of the Platt Supp.

---

(Footnote Continued From Previous Page)
Exhibit F of the Platt Supplemental Declaration, reproduced in Exhibit A attached to this Order.

[5]    U.S. Bank National Association ("U.S. Bank) will be setting up and maintaining the escrow fund (the "Escrow Fund") into which the Settlement Payment will be deposited and payments of legal fees, Litigation Expenses and payments to holders of Approved Claims made.

3

Decl. reproduced in Exhibit A attached to this Order, be and the same hereby are approved, and said claims are hereby accepted.

ORDERED, that U.S. Bank, immediately upon receipt of the Settlement Payment, pay $1,434,519.11 from the Settlement Payment to Schiff Hardin LLP, as follows: (a) $1,374,036.24 for the legal fees and expenses incurred by Class Counsel in prosecuting and settling this action[6]; and (b) $60,482.87 for the fees and expenses incurred by ALCS in connection with giving notice to the Class, processing the proofs of claim, preparing the tax returns for the Settlement Fund and other services, and for the fees and expenses incurred by U.S. Bank in connection with the disbursement of the legal fees, Litigation Expenses and payments to holders of Approved Claims, and the establishment and disbursement of the Reserve Fund (described below).

ORDERED, that U.S. Bank set aside $46,719.12 from the Settlement Payment for the establishment of a reserve fund ("Reserve Fund") to address any claim by a Class Member that such person was either entitled to a distribution from the Settlement and did not receive one, or received an incorrect amount (each a "Disputed Claim" and collectively, the "Disputed Claims");

ORDERED, that U.S. Bank promptly pay $4,265,480.89 (the "Distributable Settlement Amount") in the aggregate as distributions to the holders of the Approved

---

[6] This sum includes: $1,290,000 to be paid to Schiff Hardin LLP for its legal fees; $50,000 to be paid to Oppenheimer Wolff & Donnelly for its legal fees; $31,280.56 to be paid to Schiff Hardin LLP for its actual Litigation Expenses; and $2,755.68 to be paid to Oppenheimer Wolff & Donnelly for its actual Litigation Expenses.

Claims, as follows: (i) $1,057,800.00 to be paid to Wells Fargo Bank, National Association, to be paid to the beneficial owners of the Bonds as of a record date to be determined by the Trustee immediately prior to the date of distribution in an amount equal to 4% (i.e., $40.00 per each $1,000) of the par amount of Bonds held by such Holder, and (ii) $3,207,680.89 in the aggregate by check directly to holders of the Approved Claims each in the amounts shown on Exhibit A attached to this Order, and ORDERED that all checks for distribution directly to the holders of Approved Claims shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." ALCS and U.S. Bank are authorized to take appropriate action to locate and/or contact any holder of an Approved Claim who has not cashed his, her or its check within said time.

ORDERED, that the process for resolving Disputed Claims be and is hereby approved as follows:

(a)    Disputed Claims must be one of the following types:

(1)    A claim by a holder of an Approved Claim that such holder received a mathematically incorrect amount of distribution pursuant to the Plan of Allocation, as shown on Exhibit A attached to this Order; or

(2)    A claim by a Class Member other than the holder of an Approved Claim, that such Class Member (A) filed a timely claim with ALCS and the claim was erroneously denied, or (B) did not, either directly or through his, her, or its financial representative, receive timely notice of

the Settlement and, as a result, failed to file a claim with ALCS on or prior to the August 18, 2014 Filing Deadline.

(b)     All Disputed Claims must be filed with Class Counsel on or before March 31, 2015, and must state the basis for the dispute under (a) above as well as provide all proper documentation.

(c)     Class Counsel will either approve or deny the Disputed Claim, based upon the merits and the documentation provided and will notify the maker of the Disputed Claim of the decision to approve or deny.

(d)     Any maker of a Disputed Claim that believes that the decision of Class Counsel is unjustified may, within thirty (30) days of the receipt of the decision by Class Counsel, file a motion with this Court for reconsideration.  All decisions of this Court will be final and non-appealable.

(e)     Once all of the Disputed Claims which are both timely filed and which are approved by Class Counsel or the Court are determined (the "Approved Disputed Claims"),  the Reserve Fund will be allocated among the Approved Disputed Claims.  If the sum of the distribution amounts awarded for all of the Approved Disputed Claims is less than the amount of the Reserve Fund, all such awards will be paid in full.  If the sum of the distribution amounts awarded for all of the Approved Disputed Claims is less than the amount of the Reserve Fund, then each Approved Disputed Claim will receive an amount based upon a fraction the numerator of which is the distribution amount awarded for the Approved Disputed Claim and the denominator of which is the sum of the

distribution amounts awarded for all of the Approved Disputed Claims, multiplied by the amount in the Reserve Fund.

  (f) Distributions to the makers of the Approved Disputed Claims will be made by check by U.S. Bank based upon a schedule to be provided by Class Counsel.

  (g) Notice of the establishment of the Reserve Fund and of the procedures for filing Disputed Claims shall be provided:

    (1) By ALCS, to the holders of the Approved Claims, at the time that the distributions pursuant to the Plan of Allocation and Exhibit F to the Platt Supp. Decl. are made; and

    (2) By the Bond Trustee in the notice to be sent to all Class Members who are beneficial owners of the Bonds as of a record date to be determined by the Bond Trustee immediately prior to the date of distribution and who are entitled to receive a distribution as shown in Exhibit A attached to this Order.

  (h) The Reserve Fund will be used solely to make payments to Approved Disputed Claims and not for any other purpose, including fees and expenses of Class Counsel.

  ORDERED, that U.S. Bank donate (a) the balance of unclaimed funds remaining in the Escrow Fund, and (b) any balance remaining in the Reserve Fund, in each case on a date which is one (1) year after the date of deposit by the City of the Settlement Payment into the Escrow Fund, (i) if the City pays the Settlement Payment on or before

December 26, 2014, to the Monticello Food Shelf, a non-sectarian, not-for-profit, 501(c)(3) organization, or (ii) otherwise to the Minnesota Justice Foundation, a non-sectarian, not-for-profit, 501(c)(3) organization.

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Distributable Settlement Amount each complied with the terms of the Settlement Agreement and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the Settlement Payment, the Distributable Settlement Amount or the Reserve Fund (collectively, the "Released Parties") are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Distributable Settlement Amount are barred from making any further claims against the Distributable Settlement Amount or the Released Parties beyond the amount allocated to them pursuant to this Order.

ORDERED, that ALCS is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after the final distribution of the Distributable Settlement Amount and the Reserve Fund to the eligible claimants and electronic copies of the same not less than three (3) years after the final distribution of the Distributable Settlement Amount and the Reserve Fund to the eligible claimants.

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

Dated:  November 14, 2014            s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge